Shearer, J.
It is claimed by the plaintiff in error (1) that the court below having found the sale had been made, in all respects, in conformity to law, had no election but to confirm the same; and (2) if this .were not so, that the undertakings given by the defendant in error, were not in conformity with the statute in *486 sucb case made and provided, and therefore did not operate to stay the execution of the judgment.
1. The first claim is not tenable. Section 5398 of the Revised Statutes requires the court, “ if upon the return of any writ of execution, for the satisfaction of which lands and tenements have been sold, it be found * * * on careful examination of the proceedings of the officer, that the sale has been made in all respects in conformity to the provisions of this title,” to direct “ the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements.” While this language is mandatory, it does not follow that, upon such finding, the court is without discretion, in a proper case, to vacate the sale. Craig’s Adm'r v. Fox, 16 Ohio, 564; Peck v. Goodin, 10 Ohio St. 566; Reed v. Radigan, 42 Ohio St. 292.
In Reed v. Radigan, supra, in discussing such a construction of the statute and the powers of the court, Owen, J., says it is “ not only against the common understanding of the profession, and at variance with the uniform practice of the courts, but we believe it is, both upon principle and authority, untenable.”
In Bassett v. Daniels, 10 Ohio St. 671, judgment was rendered against the defendants, and an order of sale of the real estate allowed. Notice of intention to appeal was entered. Sale was made by the sheriff in pursuance of the order, and his proceedings found to be regular. After the report of the sale, the appeal was perfected. At the ensuing term the purchaser moved for confirmation, which was refused; and, on error, Held: “ * * * a sale of real estate made before an appeal bond is filed, will not be confirmed after the appeal is perfected.”
It is well settled that a court may vacate a sale for causes dehors the proceedings of the officer making the same. Reed v. Radigan, supra.
2. Were the undertakings sufficient ? The first having been filed before proceedings in error in the supreme court were commenced, was ineffectual to suspend execution, whether it conformed to the requirements of the statute or not.
Craighead & Craighead, for plaintiff in error.

C. H. Baldwin, contra.

But the second undertaking was filed after the petition in error was pending in the supreme court; and, if it was in accordance with the provisions of the statute in that behalf, execution of the judgment was thereby stayed.
The original action, as we have seen, was to enforce a judgment, by the sale of real estate. The character and condition of the undertaking to be given in such case is prescribed in subdivision three of section 6718 of the Revised Statutes, which reads as follows: “3. When it” (the judgment or final order) “ directs the sale * * * of real property, the undertaking shall be in such sum as may be prescribed by a court of record, or a judge thereof, to the effect that during the possession of such property by the plaintiff in error, he will not commit, nor suffer to be committed, any waste thereon, and that if the judgment be affirmed he will pay the value of the use and occupation of the property * * * and when the judgment is for the sale of mortgaged premises and the payment of a deficiency arising from the sale, the undertaking must also provide for the payment of such deficiency.” The undertaking given conformed substantially to the provisions of subdivision one of said section; but in nowise in accordance with subdivision three. It was not in a sum “ prescribed by a court of record, or a judge thereof;” nor did it provide against waste or for the value of the use and occupation of the property. This is necessary where the judgment directs the sale of real property. Ackerman v. Lazarus, 34 Ohio St. 671.
It follows — the proceedings of the sheriff under the order having been found to be regular, and no* such undertaking as was required by law having been given — that there was no ground for vacating said sale, and such order was erroneous.
Judgment reversed, and cause remanded to the common pleas, with instruction to overrule said motion to set aside, and to sustain the motion to confirm, said sale. •